21-2537
*Doe v. SEC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-two.

PRESENT:    Jon O. Newman,
            Guido Calabresi,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

JOHN DOE,

            *Petitioner*,

       v.                                              No. 21-2537

SECURITIES AND EXCHANGE COMMISSION,

            *Respondent*.

_____

*For Petitioner*:                    EZRA SPILKE, Law Offices of Ezra Spilke, Brooklyn, NY.

*For Respondent*:                    EZEKIEL L. HILL, Attorney (Dan M. Berkovitz, General Counsel, Michael A. Conley, Solicitor, Stephen G. Yoder and Emily T. Parise, Senior Litigation Counsel, *on the brief*), Securities and Exchange Commission, Washington, DC.

On Petition for Review of an Order of the Securities and Exchange Commission.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition is **DENIED**.

John Doe petitions for review of an order of the Securities and Exchange Commission ("SEC") denying him a whistleblower award. We assume the parties' familiarity with the underlying facts and procedural history.

In general, federal law directs the SEC to pay a monetary award to a whistleblower when that whistleblower "voluntarily provided original information to the Commission that led to the successful enforcement" of "any judicial or administrative action brought by the Commission under the securities

2

laws that results in monetary sanctions exceeding $1,000,000." 15 U.S.C. § 78u-6(a)(1), (b)(1). But the SEC may not make an award "to any whistleblower who is convicted of a criminal violation related to the judicial or administrative action for which the whistleblower otherwise could receive an award." 15 U.S.C. § 78u-6(c)(2)(B).

John Doe is a whistleblower. He provided information to the SEC that assisted in a successful agency enforcement action with respect to an international bribery scheme (the "Covered Action"). After the SEC posted a notice on its website about the Covered Action, Doe timely filed an application for a whistleblower award pursuant to 15 U.S.C. § 78u-6(b)(1) in connection with both the Covered Action and a related action (the "Related Action"). By that point, however, Doe himself had pleaded guilty to bribery charges. A court had accepted Doe's guilty plea but had not yet sentenced him. Because of the accepted guilty plea, the SEC determined that Doe had been "convicted of a criminal violation related to" the bribery scheme that was at issue in the Covered Action and the Related Action. 15 U.S.C. § 78u-6(c)(2)(B). The SEC issued a preliminary determination recommending the denial of Doe's award application. Doe contested the preliminary determination, and a few months later the SEC issued

3

its final order denying a whistleblower award to Doe.

The "determination … whether … to make [a whistleblower] award[]" is at "the discretion of the Commission." 15 U.S.C. § 78u-6(f). We review the determination of the SEC as to whether to make a whistleblower award for abuse of discretion and—to the extent the agency makes findings of fact—for substantial evidence. *See id.* (noting that a court "shall review the determination" of the SEC "in accordance" with 5 U.S.C. § 706); *see also Kilgour v. SEC*, 942 F.3d 113, 120 (2d Cir. 2019) ("We review the Commission's whistleblower award determinations in accordance with section 706 of the Administrative Procedure Act.") (internal quotation marks and alteration omitted).

Doe challenges the SEC's interpretation of two key terms in 15 U.S.C. § 78u-6(2)(B): "convicted" and "related to." He argues that he was not "convicted" and that his criminal conduct was not "related to" the bribery scheme at issue in the Covered and Related Actions. He additionally argues that the SEC did not adequately explain its reasoning in denying the whistleblower award. We disagree. Doe forfeited his challenge to the SEC's interpretation of "convicted," which in any event lacks merit, and the SEC properly interpreted and applied the "related to" provision of the statute. The agency adequately explained its

4

reasoning and supported its findings with substantial evidence. We deny Doe's petition for review.

**I**

Doe argues that he was not "convicted" under 15 U.S.C. § 78u-6(c)(2)(B). In Doe's telling, the fact that he has not yet been *sentenced*—even though a court has accepted his guilty plea—means that he has not been "convicted." But Doe did not raise this issue before the agency and therefore we need not address Doe's argument about the meaning of "convicted." But even if we were to excuse the forfeiture, Doe's argument would fail.

**A**

SEC regulations provide that when a claimant contests the agency's preliminary determination about a whistleblower award, the claimant must "set[] forth the grounds for [his] objection to either the denial of an award or the proposed amount of an award." 17 C.F.R. § 240.21F-10(e). When Doe contested the SEC's preliminary determination in this case, he did not argue that he was not "convicted" under the applicable statute. Doe's failure to comply with the administrative process for raising the argument before the agency prevents him

from raising it for the first time on appeal. *Xiao Ji Chen v. USDOJ*, 471 F.3d 315, 320 n.1 (2d Cir. 2006).

Doe resists this conclusion. He notes that in a footnote in its final order, the SEC described its interpretation of the term "convicted" despite Doe's failure to challenge that interpretation when he contested the preliminary determination. Doe points to *Ye v. Department of Homeland Security*, in which we excused an alien's failure to raise a claim before the Board of Immigration Appeals ("BIA") because the BIA addressed the merits of the claim. 446 F.3d 289, 296-97 (2d Cir. 2006). Yet here, unlike in *Ye*, the agency did not address an argument the petitioner failed to raise. Instead, the SEC simply noted its longstanding interpretation of the term "convicted" as it addressed Doe's argument that his conviction was not "related to" the Covered and Related Actions. J. App'x 393 n.15 (quoting *In the Matter of Gregory Bartko*, Release No. 71666, 2014 WL 896758, at *8 (Mar. 7, 2014), *aff'd in part, rev'd in part on other grounds*, *Bartko v. SEC*, 845 F.3d 1217 (D.C. Cir. 2017)). Doe was on notice from the preliminary determination that the agency believed his accepted guilty plea disqualified him from the whistleblower award. Having failed to contest before the agency its determination that one is "convicted" when he has pleaded guilty, Doe is not entitled to raise the issue for the first time on a

petition for review. *Xiao Ji Chen*, 471 at 320 n.1.

**B**

Even if Doe had not forfeited his argument about the term "convicted," the argument would fail. The agency did not err in adhering to its view that "there is no reason for ascribing a different meaning to the word 'convicted' in the Exchange Act to the meaning given to that term in the Advisers Act." *Gregory Bartko*, 2014 WL 896758, at *8 (alteration omitted). Doe contends that a person may be considered "convicted" only after a sentence is imposed, but that is not correct. *See, e.g.*, *United States v. Adkins*, 743 F.3d 176, 188 (7th Cir. 2014) (describing defendants who are "convicted but not yet sentenced"); *United States v. White*, 620 F.3d 401, 414 (4th Cir. 2010) (noting that a defendant is "tried and convicted, and then sentenced"); *United States v. Montoya*, No. CR-89-409, 1990 WL 252179, at *1 (E.D.N.Y. Dec. 17, 1990) (noting that a defendant "was tried before this court, convicted, and then sentenced").

**II**

Doe also argues that the bribery charges to which he pleaded guilty were not "related to" the Covered and Related Actions. He additionally argues that the agency did not support its finding of such a relationship with substantial evidence.

7

We disagree.

**A**

A whistleblower is ineligible under 15 U.S.C. § 78u-6(c)(2)(B) for an award from the SEC if he was "convicted of a criminal violation *related to* the judicial or administrative action for which the whistleblower otherwise could receive an award." *Id.* (emphasis added). The SEC and Doe understand the term "related to" differently. The SEC interprets the term to mean that "the conduct underlying the criminal conviction must be connected to or stand in some relation to the Covered Action." J. App'x 394. Doe suggests that the term requires the whistleblower to have been "a part of the conduct underlying the … enforcement action" and to have known about the conduct during its occurrence. Petitioner's Br. 30.

We agree with the SEC. In *Morales v. Trans World Airlines, Inc.*, the Supreme Court said the ordinary meaning of the term "relating to" is "a broad one." 504 U.S. 374, 383 (1992). The Court explained that this meaning is "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Id.* (quoting Black's Law Dictionary 1158 (5th ed. 1979)); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 307-08 (1995) (explaining that the term "related to" in a jurisdiction-conferring statute "suggests a grant of some

8

breadth"). Our court has also noted that "[t]he term 'related to' is typically defined more broadly" than a term such as "arising out of." *Coregis Ins. Co. v. Am. Health Found.*, 241 F.3d 123, 128 (2d Cir. 2001).

The ordinary meaning of "related to" encompasses the connection between Doe's bribery charges and the bribery scheme underlying the Covered and Related Actions. Doe pleaded guilty to facilitating bribery payments that came from the same principal briber, targeted government officials in the same country, and sought benefits in the same industry as the scheme charged in the Covered and Related Actions. The SEC did not abuse its discretion when it determined that Doe's criminal conduct was "related to" the Covered and Related Actions.

**B**

We will set aside an agency's action if its findings are "unsupported by substantial evidence." 5 U.S.C. § 706. In other words, "we require that they be supported by more than a scintilla of evidence, which may be less than a preponderance." *Kilgour*, 942 F.3d at 120 (internal quotation marks omitted). This "threshold for … evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

The SEC's findings are supported by substantial evidence. The criminal

information and Doe's guilty plea establish Doe's participation in a bribery scheme that involved the same central figure as the scheme underlying the Covered and Related Actions. A declaration from an SEC attorney that supported the SEC's denial of the award was based on information provided by a government attorney who had been involved in the Justice Department's investigation that resulted in the Related Action.

## III

Finally, Doe insists that the SEC failed to articulate its reasoning in its final order, thereby denying meaningful appellate review. We again disagree.

Doe's inadequate-reasoning argument relies on his other arguments about the definitions of "convicted" and "related to," and he criticizes the declarations of SEC attorneys as "conclusory and unreasoned." Petitioner's Br. 38-40. We think the SEC adequately articulated its reasoning with respect to its statutory interpretation, and the agency lawyers' declarations—furnished to Doe on his request—reflected a considered analysis of Doe's conduct and its relationship to the Covered and Related Actions. The SEC's articulation of its reasoning did not prevent Doe from obtaining meaningful appellate review.

*     *     *

We have considered the petitioner's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court